But we'll hear the first case, United States v. David Ahern. Good morning. May it please the court and counsel, my name is Jemaisa Drake and I represent the appellant, David Ahern. We challenge the special condition of supervised release, which requires Mr. Ahern to participate in a substance abuse treatment program. That is an umbrella term for both drug and alcohol treatment. There is no need for Mr. Ahern to participate in alcohol treatment. He reports drinking one beer per week and that the last time he drank to intoxication was 15 years before the PSR interview. Mr. Ahern does not use cocaine either. He reported that he used cocaine two or three times in the 1980s. He didn't like it and he hasn't used it since. Marijuana is certainly a closer question. But again, a treatment program aimed at stopping him to use is unnecessary. There are other conditions of supervised release, which we have not challenged on appeal, which address the use and possession of marijuana. It is prohibited. He's required to submit to testing that will test for marijuana usage. We have not challenged that. What would you like us to do in this case? We're asking for a very modest remedy, either for this court to vacate the special condition that we challenge, or to remand to the district court so that it can explain further its rationale for the condition and perhaps more narrowly tailor it. Are you familiar with the Betz case? I am, Your Honor. Did this precede Betz, this activity, in the northern district? The sentencing in this case happened before Betz was decided. Yes, Your Honor. Would you like us to comply with that order that Betz be complied with, sent it back down? Yes, Your Honor. And in accordance with Griffith v. Kentucky, because this case is pending on direct review, he would get the benefit of the guidance provided in that opinion. There's a plain error review, right? Correct. Underlying our challenge. Doesn't the record indicate that he's been using marijuana on and off for 36 years? Yes, Your Honor. So why isn't that a sufficient basis, particularly under plain error review? Well, the operative term there we would submit is on an off basis. He reports, and the uncontroverted record evidence is that he uses small quantities of marijuana as a sleep aid and that he has periods of abstinence. Before the PSR interview in this case, he had a lengthy period of abstinence, and certainly since he's been in prison, he hasn't used marijuana for over four years. The goal of the sentence in court is to craft special conditions that impose no greater restraint on a person's liberty. And considering the other special conditions which the court has imposed that we do not challenge, we believe that this particular special condition is too onerous. Is there a difference between use and abuse? I mean, use is what he did of marijuana, and use is prohibited. The program is an abuse program, and I'm kind of interested in the difference. Is that a difference that we should be concerned with? Yes. Use does not ipso facto translate to abuse. Even if it's illegal? Yes, Your Honor. And the cocaine usage is perhaps the best example of that. No dispute that he used cocaine. That does not mean that he is today the abuser of cocaine. Or it doesn't matter whether he is in danger of abuse, because if there is a significant danger of abuse, then the treatment program is justified. And the question is, is it justified on the record after bets? Correct. And certainly our position is that use 35 years ago is not enough. If that is the only evidence. Correct. Only evidence in the record to suggest that he would be more susceptible than the average person to abuse. As I was saying, underlying our challenge here. Let me just clarify something. If, in fact, it's justified in the record, then even under bets we wouldn't have to remand. We could just affirm. But if it's not justified in the record, that doesn't mean that would be the end, because maybe the record could be changed or it could be reconsidered if we sent it back under bets. Correct. So the language bets uses is whether it's self-evident. The rationale for the special condition is self-evident. If it is not self-evident, the remedy that this court suggested in bets was a remand for the court to explain on the record and perhaps engaging in that exercise, reconsidering the necessity of that condition. I don't know about my colleagues, but there seems to be a lot of cases coming out of the Northern District in this posture where there were special conditions imposed without statements made. Most of them, they're all pre-bets cases. I know that sometimes we've found that it was justified and we've affirmed, and other times we've sent it back for further findings of statements of reasons. Yes, and this condition is particularly onerous because unlike a condition prohibiting the use of this substance, we have concerns about his ability to successfully participate in a treatment program. And, of course, if he does not successfully participate, that could expose him to additional prison time. This is for 15 years. That's correct, Your Honor. So if we were to consider a substance abuse treatment program aimed at alcohol or cocaine, my worry is that by way of participation and deep self-reflection, Mr. Ahern would report that he doesn't have a problem because he doesn't have a problem, and then either a treatment provider or the probation officer would conclude that he is not successfully participating, that he is being recalcitrant, and it would cause greater problems down the line. But you're not objecting to the prohibition of the use of marijuana? Not at all, Your Honor. Were you the lawyer in the lower court? I was not. Thank you. You're from the government. Thank you. May it please the Court, Rajiv Dosanjh for the government. I'd like to actually begin with an apology for not citing something in the brief that I should have cited, which was what the actual words of the district court were when it imposed the condition. And it said that before it listed all the special conditions, it said it found these conditions were necessary and justified in this case based on the nature of the offense as well as your characteristics as outlined in the pre-sentence report. I think that is significant, Your Honor. That's very general. That's very general. I mean, he was covering all of the conditions, right? Right, Your Honor. He was, but he then listed, and I think this gets to what I think is the concern of Betts, the underlying concern, the worry that a judge may have imposed a condition without just adopting a set of special conditions without actually giving an individual assessment. I think this is enough to suggest he was giving an individual assessment. He had read the PSR. He had looked at the ---- I don't think that Betts, which came down after this, is as lax as you think. I think that if you want to succeed in these cases when they go up on appeal, I think there are going to have to be specific reasons for these specialized conditions, given. I think, Your Honor, Betts does say that there has to be an explanation for ---- Is there any explanation why this substance abuse program that he has to be in includes alcohol? Your Honor, I think it's a general substance abuse program. I understand that, but there is no particular reason why he should be in a general. Whatever one thinks about the marijuana thing, and that's not clear to me these days especially, but the alcohol and abuse, this program is a very broad one, and it looks to me as if the courts have been doing this without particular focus. That's understandable because we didn't have Betts. Now we have Betts, which says you have to focus and be specific. You can't blame the judge for not doing it before, but why say it was specific when at the time it was a more general thing that they were doing? Your Honor, I have to admit I do not know the particulars of this substance abuse program, but I do know that it involves testing. I'm not sure there would be any testing for alcohol use. He has not challenged the condition prohibiting his alcohol use. As long as it is a matter of testing, he's already required not to use marijuana, and so he can be tested for marijuana. Your Honor, I think it's not an abuse of discretion for the court to look at someone who used marijuana when it was illegal, and it still is illegal, for 36 years. I don't think that condition saying, do not break another law, do not use another substance, is enough when you have this pattern of behavior. He engaged in a 36-year pattern of behavior that would lead to a violation of supervised release. The court here, I think, is not abusing its discretion to impose a condition that would prevent him from violating supervised release with all the intended consequences. This is for his benefit. And again, I think you have a long history, an admitted long history. You have a district court who says, based on your characteristics in the pre-sentence report, I'm imposing these conditions, including this condition. He doesn't object at the sentence. His characteristics and the pre-sentence report doesn't really tell us anything. It just says, these are robotic words. I am doing this. It doesn't tell us, I think this person needs this for these reasons. And I think the opinion in Betts, I was on the panel, I did not write it, was designed to say, we need more for the special conditions. The underlying conditions, such as you may not use drugs or marijuana and so on, that's fine, but we said in that case that we want more. And that isn't much of a burden for the district court. It is just to say on the supervised condition, especially over many years, is a very serious matter because it can so easily be not met and then the person goes back to jail. You're right, Your Honor, and I think I spent a good deal of time in my brief, perhaps unprofitably, suggesting that there is now some discordance in this court's case law. Betts is now the law of the circuit. I know many people, one may not like it or not, but that's the law of the circuit. I don't think it's discordant with earlier ones. In any case, no one suggested when Betts came down that it was inconsistent with earlier cases and therefore we should go and bank to clarify. So that part of the brief, frankly, was troubling. Your Honor, the aim of it was to suggest that there is room under Betts when you're dealing with special conditions that are recommended in the guidelines to suggest that the amount of explanation that is necessary may vary according to that. Betts does leave open the situation where it is obvious on the record why that would be. And I take it there would be no doubt that if this man were an alcoholic, if he drank regularly, then there would need to be no more special explanation for saying he ought to be in a substance abuse program. I think there's no question about that. I guess it raises a question, though, whether it's error or not. And I think that's the first step of the plain error. Most of these cases are always going to be on plain error because if the defendant had asked for more explanation, he would have gotten it. But I think when you have case law suggesting that adoption of a PSR's facts can be enough to justify an enhancement under the guidelines without any more explanation, and there's a long line of cases that says if you adopt the facts in the PSR, you've basically given us an explanation for why you're applying an enhancement. I think that kind of case law suggests that here if you're specifically referencing his characteristics as described in the pre-sentence report, I'm not sure it's a clear error for the court not to say more, especially when this condition was read to the defendant. It takes a long time to read to the defendant. He does not object at the time. Well, but what does the PSR say that is specific enough? I think it's paragraph 33 that I think the defendant is right, that it's the marijuana use. It's the 36-year history. The key to it is the marijuana use. I would agree. The others would not support. So the question is, is the pre-sentence report description of use of marijuana sufficient to justify without more explanation being in a generalized abuse program? That's really the issue. That's, I think, and I wish I had articulated it more clearly. I think that is the key, and I think the Rule 43A cases that I cite, I think they do suggest that when you're dealing with a recommended condition, that the amount of explanation that a court should give, and, Your Honor, you also in Caveira said that given the heavy burden that, you know, that you don't want to get into a situation where courts are just then going to have this robotic language that they need to say, and that's going to be enough. But I think here to find that it's clear error for what the court did here when it did reference the characteristics of this individual, and it gave that individual assessment. The situation with bets coming after the district judge did is kind of funny because in terms of clear error, of plain error, the fact that a decision comes after doesn't make any difference.  That's correct. And in terms of the poor judge, I mean, you know, there's no insult in saying, you did what you did at the time you did it, and we've now come down with something more. I would just, this is, again, I would perhaps, I know there are a lot of cases coming out of the Northern District that have this posture. It's not just the Northern District. I think it's, you know, there's other cases that have been decided since then that, where this has happened, and I think it's, this is a new innovation. That's not a defense. Other people are doing it. No, but it's striking a blow for the Northern District, and, but it is a. Even Connecticut has. Even Connecticut, Your Honor. Even Connecticut. It happens there. But I think it is, I think the court does recognize that this is, bets was a firm statement of something that was implied in Balin. And I think that, I think the message is going to get through to the courts. In this case, given what the judge said about the pre-sentence report, the government's position that saying this is a clear, obvious error is not necessary in this case, given the record of the marijuana use. It seems to me the question is really whether we wanted to send it back for a statement of reasons, which has two things. First of all, it gives an appellate court a chance to look at it. And then secondly, it forces the district judge to really consider whether this is a, you know, a good, rather than, whether it's a good condition, rather than just having kind of done it more or less just as kind of a routine matter. And I guess I would quibble with that, saying that there should be an assumption. I mean, in many cases, this court has said that we assume you consider the 3553A factors without articulating each one. To assume the court didn't give, I think, to worry that the court didn't give individualized consideration to these, I think is not supported in the record, especially when it does reference this defendant and his characteristics. Thank you. Thank you. Just very briefly, I want to speak to this last point about the state of the record and whether it's sufficient to support the conditions and come at this from a slightly different point of view to illustrate why we believe it's not. If I were the probation officer and I was sifting through the record to try and determine what I would recommend for, that this Mr. Ahern participate in, I would see, based on the nature of the offense, the nature of this offense has nothing whatsoever to do with alcohol or controlled substances, as well as your characteristics outlined in the pre-sentence investigation report. Then, as the probation officer, I would turn to the pre-sentence investigation report, which details alcohol, cocaine, and marijuana. And as the probation officer, I might be inclined, particularly were this court to affirm, to order him to participate in, for example, an alcohol treatment program, believing that that is, in fact, what the district court intended. And as we suggest, that would not be sufficiently tailored. That would be overly onerous, a burden on his liberty. Other portions of this . . . We don't have a statement of reasons. Was there a discussion of this topic in the statement of reasons? I don't believe so. This was not mentioned in the PSR. This was not a recommendation for the . . . Well, it's mentioned in the PSR in paragraphs 32 to 35, but . . . Yes, Your Honor. What we don't have is the statement of reasons, and I'd be curious as to whether there was any discussion within the statement of reasons. I feel very confident saying no, because it did not appear . . . This was never a recommendation of the PSR writer, this particular special condition, and it did not receive any mention in the government sentencing memoranda. It really did sort of appear out of the blue for the first time at sentencing. Probation, the department did not recommend this special condition? It did not, Your Honor. The only reference to statements was the one we've already discussed, I think, which was in the record, just one sentence. That's correct, Your Honor. On page A44 of the appendix. Precisely. Thank you very much. Thank you. One reserved decision.